```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION

MARC EDWARD LEMEUR                                      PLAINTIFF

       v.               Civil No. 09-5257

SGT. VAUGHN                                             DEFENDANT
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Marc Edward LeMeur, an inmate in the Benton County Detention Center (BCDC), filed this case on November 17, 2009. (Doc. 1) He proceeds *pro se*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Background

The complaint in this case is filed on a form entitled "Form to be used by prisoners filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983." The Defendant is Sgt. Vaughn, an employee at the BCDC.

Plaintiff alleges that on or about October 23, 2009, he was called over the loud speaker of the BCDC by his copyrighted name to come to pod control. (Doc. 1, ¶ V) Once he was in pod control, Sgt. Vaughn then waited until no other inmates were around before he spoke with Plaintiff. (Id.) Sgt. Vaughn told Plaintiff that Vaughn was speaking for the Captain regarding two grievances Plaintiff submitted about another deputy having tobacco in the detention facility. (Id.

AO72A

at 8.)  Vaughn told Plaintiff Vaughn could bring tobacco into the building if he wanted and he then showed Plaintiff a can of smokeless tobacco.  (Id. at 5.)  Plaintiff alleges Vaughn threatened to throw him in the "hole" if he continued to write anymore grievances regarding this issue.  (Id.)  Plaintiff also alleges Vaughn told him he would get carbonless copy grievances and he has not received them. (Doc. 1)  Finally, Plaintiff alleges that Vaughn caused Plaintiff's "copyrighted name to be stated four times over the loud speaker" and stated it one additional time for five total uses.  (Id.)

As relief, Plaintiff asks for termination of Vaughn's employment, criminal charges to be brought, and compensation for copyright infringement.  (Id. at ¶ VI.)  Plaintiff failed to submit with the complaint an *in forma pauperis* (IFP) application or the $350 filing fee.

An order was entered on November 17, 2009, giving Plaintiff until December 7, 2009, to either complete, sign, and return the IFP application to this Court for review and filing or pay the $350 filing fee. (Doc. 2)  By letter, Plaintiff notified the Court that he was electing to forego the submission of an IFP application and requested an itemized statement of the filing fees due in his various cases.  By letter dated December 9, 2009, the assistant financial administrator for the Western District of Arkansas provided him with this information.

On January 7, 2010, Plaintiff filed a response, (Doc. 3), to the Court's order.  In the response, Plaintiff had written the following across the letter provided to him by the financial administrator: "[a]ccepted for honor and value--exempt from levy for

my remedy release the proceeds, products, accounts and the fixtures in the order(s) to me immediately in accordance with public policy HJR-192 UCC 10-104 and UCC 1-104. (Id.)  Exemption ID#457136260 UCC account #2009-125-4616-4.  Value $1860.00."  (Id.)

The sum of $1860 represents the filing fees due if Plaintiff paid the filing fees in all his cases pending at the time of the letter:  08-5241; 09-5256; 09-5257; 09-5259; 09-5260; and 09-5261.  No check or money order accompanied Plaintiff's response.

Plaintiff was advised by orders entered on January 13, 2010 in cases 08-5241; 09-5256; 09-5260 and 09-5261, that his response was not accepted by the Court as payment of the filing fee.  Plaintiff was informed that this Court accepts payment only in cash, money order, or a check drawn on a recognized banking institution.

On February 1, 2010, Plaintiff filed a "motion for acceptance for value and return for discharge of the filing fees."  (Doc. 4) In the motion, Plaintiff asked that the Court "do the wire transfer of the bankers acceptance of filing fees" in the case.  (Id.) He indicated that "the [Secured Party Creditor] did inform the court precisely of his intent to use the acceptance for value and return for discharge pursuant to the remedy provide[d] by congress via the HJR-192 and the [Uniform Commercial Code] to which [the financial administrator] did provide the presentment for the filing fees . . . thereby making an agreement."  (Id.) He maintained federal reserve notes had no value and the giving of the notes did not constitute payment.  (Id.)

Plaintiff was again advised by order entered on July 13, 2010, (Doc. 5), that his response was not accepted by the Court as payment

of the filing fee. Plaintiff was informed that this Court accepts payment only in cash, money order, or a check drawn on a recognized banking institution. (Id.) Plaintiff was given until and including August 13, 2010, to submit a completed IFP application or to pay the filing fee. This Order was returned to the Court by the United States Postal service, marked "undeliverable" and "RTS - No longer at this facility" on July 20, 2010. On August 19, 2010, the court received a notice of a change of address from the Plaintiff, and the Order was resent. (Doc. 6) However, Plaintiff has not paid the filing fee, submitted an application to proceed IFP, or requested any extensions of time.

### Discussion

This case is subject to dismissal. First, Plaintiff has failed to submit either a completed IFP application or pay the filing fee in a timely manner. His attempt to pay the filing fee by reference to HJR 192 and the Uniform Commercial Code is meritless. House Joint Resolution 192 of 1933 involved the suspension of the gold standard. H.J.R. 192, 73d Cong. (1933). See also Holyoke Water Co. v. American Writing Paper Co., 300 U.S. 324, 339 n.1 (1937)(setting forth the joint resolution). The resolution was enacted and is codified as 31 U.S.C. § 5118, which specifies that obligations requiring repayment are payable in United States currency. The argument Plaintiff makes that federal reserve notes are invalid is frivolous. See e.g., Norman v. Baltimore & O.R. Co., 294 U.S. 240 (1935)(Congress has the power to issue obligations in such form and impress on them such qualities as currency for the purchase of merchandise and the payment of debts).

AO72A

Second, the claims presented in the complaint are clearly meritless. See Neitzke v. Williams, 490 U.S. 319, 329 (1989)(legal theories are frivolous when they are indisputably meritless). A private citizen has no right to institute criminal prosecution. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986); In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

Plaintiff's claim of copyright infringement for the use of his name by Defendant over the loudspeaker is also frivolous. In Ausler v. U.S., a criminal defendant made a similar claim that his name was copyrighted and that the Magistrate Judge was not authorized to use the name in court proceedings. Ausler v. U.S., 545 F.3d 1101 (8th Cir. 2008). The Eighth Circuit agreed that any such claim was "frivolous on its face" and the Magistrate Judge was correct in determining the copyright claim was "purely imaginary." Id. at 1104. Plaintiff's claims of copyright also appear to be nothing more than purely imaginary and lack any legal significance. At the very least, such claims do not establish a violation of Plaintiff's civil rights under Section 1983.

## Conclusion

I therefore recommend Plaintiff's claims be dismissed because: (1) he failed to comply with the Court's Orders to either submit a completed IFP application or pay the filing fee, see FED. R. CIV. P. 41(b), and (2) the claims are frivolous or fail to state claims upon which relief may be granted, see 28 U.S.C. § 1915(e)(2).

The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g).  The clerk should be directed to place a § 1915(g) strike flag on this case.  The Court further notes that despite the dismissal of the case, Plaintiff remains liable for the full filing fee under the provisions of the Prison Litigation Reform Act (PLRA).  In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under the PLRA, prisoners are responsible for filing fees the moment a civil action is filed).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of September 2010.

>   /s/ *Erin L. Setser*
>   HON. ERIN L. SETSER
>   UNITED STATES MAGISTRATE JUDGE

AO72A